IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEANDRE GORDON, ) | |
| ) | Case No. 1:19-cv-01642 |
| Petitioner, ) | |
| ) | Judge Dan Aaron Polster |
| v. ) | |
| ) | OPINION & ORDER |
| WARDEN LYNEAL WAINWRIGHT, ) | |
| ) | |
| Respondent. ) | |

In August 2015, a Cuyahoga County Court of Common Pleas jury convicted Deandre Gordon of two counts of aggravated robbery, one count of kidnapping, two counts of felonious assault, and acquitted him of one count of intimidation of a crime victim or witness. ECF Doc. 8-1, Ex. 11, Ex. 12. The court sentenced him to ten years. ECF Doc. 8-1, Ex. 13. After appeals to the Eighth District Court of Appeals and the Supreme Court of Ohio, Gordon now petitions this Court for a writ of habeas corpus and asserts seven grounds for relief. ECF Doc. 1. Magistrate Judge Darrell A. Clay issued a Report and Recommendation, in which he recommended dismissing Gordon's petition but granting a certificate of appealability for Gordon's fourth ground for relief. ECF Doc. 12. Gordon filed ten written objections to the Magistrate Judge's Report and Recommendation. ECF Doc. 14. For the following reasons, the Court ADOPTS the Report and Recommendation, but DECLINES to grant a certificate of appealability. The Court OVERRULES Gordon's objections and DENIES and DISMISSES the habeas petition.

Background

This case arises from a January 2015 incident, where Gordon robbed, shot, and threatened to kill his friend, Tevaughn Darling ("Mr. Darling"). *State v. Gordon*, 2016-Ohio-

1

5407, ¶ 4, *rev'd*, 2018-Ohio-259, ¶ 4, 152 Ohio St. 3d 528, 98 N.E.3d 251.  Gordon shot Mr. Darling in the foot, stole his rental car and approximately $7,300 in cash, and threatened to kill Mr. Darling if he reported what happened. *Id.* at ¶ 6.  Mr. Darling initially lied to police because he feared the repercussions of "snitching" on Gordon, who was a member of the "Loyal Always" gang. *Id.* at ¶ 7.  But Mr. Darling later changed his mind and gave a video-recorded statement to the police. *Id.* at ¶ 8.  Gordon's defense attorney received a copy of Mr. Darling's police statement and played the video for Gordon, but he did not give Gordon a copy of the video.  ECF Doc. 8-1, Ex. 6, p. 2, Ex. 9, p. 3.  Shortly thereafter, an edited cellphone recording of Mr. Darling's police statement appeared on Instagram, which falsely showed him telling the police about the Loyal Always gang. *Id.* at ¶ 9, ¶ 13.  A week later, Mr. Darling met with police and the prosecutor to report the video and the threats he received. *Id.* ¶ 9.  Mr. Darling observed Gordon in the parking lot. *Id.*  Gordon yelled to him, "Mr. Officer, Mr. Officer," which Mr. Darling interpreted as being called a "snitch." *Id.*

In March 2015, a grand jury indicted Gordon for the robbery incident.  ECF Doc. 8-1, Ex. 1.  In June 2015, a grand jury indicted Gordon for the witness intimidation incident.  ECF Doc. 8-1, Ex. 3.  The prosecutors moved to join the March 2015 and June 2015 indictments and to disqualify Gordon's defense attorney due to his conflicting roles as Gordon's lawyer and as a material witness in the intimidation case.  ECF Doc. 8-1, Ex. 5, Ex. 6.  Gordon's defense attorney opposed the State's motion to disqualify him, but he did not oppose the joinder of the indictments.  ECF Doc. 8-1, Ex. 9.  In July 2015, the trial court granted the State's motions.  ECF Doc. 8-1, Ex. 10, Ex. 15, p. 1.  On August 13, 2015, the jury convicted Gordon of the robbery charges but acquitted him of the intimidation charge.  ECF Doc. 8-1, Ex. 11, Ex. 12, Ex. 15, p. 1.

Procedural History

Following his conviction, Gordon filed numerous appeals to the Eighth District Court of Appeals and the Supreme Court of Ohio, which resulted in three substantive opinions: *State v. Gordon*, No. 103494, 2016 WL 4399512 (Ohio Ct. App. Aug. 18, 2016) ("*Gordon I*"); *State v. Gordon*, 2018-Ohio-259, 152 Ohio St. 3d 528, 98 N.E.3d 251 ("*Gordon II*"); and *State v. Gordon*, 2018-Ohio-1643, as amended *nunc pro tunc* (May 1, 2018) ("*Gordon III*").

During 2018 to 2019, Gordon filed three additional *pro se* appeals. First, in May 2018, Gordon appealed to the Ohio Supreme Court, but it declined to accept jurisdiction. ECF Doc. 8-1, Ex. 30, Ex. 31, Ex. 33. Second, in June 2018, Gordon tried to reopen his direct appeal, but the Eighth District Court of Appeals denied Gordon's request. ECF Doc. 8-1, Ex. 34, Ex. 37. Third, in January 2019, Gordon again appealed to the Supreme Court of Ohio, and again the court declined to accept jurisdiction. ECF Doc. 8-1, Ex. 38, Ex. 39, Ex. 41.

Turning to the habeas petition, on July 19, 2019, Gordon filed a writ of habeas corpus under 28 U.S.C. § 2254. ECF Doc. 1. On February 12, 2020, the respondent, Lyneal Wainwright, filed an Answer/Return of Writ. ECF Doc. 8. On August 4, 2020, Gordon filed a Traverse Reply Brief. ECF Doc. 11. On August 22, 2022, Magistrate Judge Clay issued his Report and Recommendation. ECF Doc. 12. On October 24, 2022, Gordon filed written objections. ECF Doc. 14.

Standard of Review

The Court reviews de novo those portions of the Report and Recommendation to which Gordon objected. 28 U.S.C. § 636(b)(1)(C). A petitioner's objections should be specific and identify the basis for objecting. Fed. R. Civ. P. 72(b)(3); L. R. 72.3 (b). They should not be "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). After

3

review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Antiterrorism and Effective Death Penalty Act of 1996 governs Gordon's petition for writ of habeas corpus. This Court shall not grant an application of habeas corpus adjudicated on the merits in state court unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

## Gordon's Objections

Gordon asserts ten objections to the Report and Recommendation. ECF Doc. 14. His first objection disputes the finding that he procedurally defaulted his habeas petition's first ground, which is that his conviction "is against the manifest weight and therefore insufficient in violation of the 5th and 14th Amendment." ECF Doc. 1, p. 6; ECF Doc. 14, p. 2. Gordon argues that this Court should excuse any "perceived default." ECF Doc. 14, p. 2.

The first objection is not a proper objection because it fails to "pinpoint" portions of the Report that the Court should specially consider. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Additionally, it fails to "alert the Court to alleged errors," deficiencies, or inaccuracies in the Report's analysis. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Instead, Gordon generally disagrees with the ultimate determination that his habeas petition's first ground is procedurally defaulted. The Magistrate Judge thoroughly analyzed whether Gordon procedurally defaulted his first ground for relief and properly determined he did not merit an

4

excusal. ECF Doc. 12, pp. 18-23. Finally, the Magistrate Judge correctly concluded that even if he considered it on the merits, Gordon's first ground for relief is not cognizable under federal habeas review. *Thoma v. Warden, Pickaway Corr. Inst.*, No. 21-3953, 2022 U.S. App. LEXIS 11686, at *11 (6th Cir. Apr. 28, 2022) ("a manifest-weight claim rests solely on state law and thus is not cognizable on federal habeas review"). Therefore, the Court overrules the first objection.

<u>Objection #2</u>

Gordon's second objection disputes the finding that the trial evidence was constitutionally sufficient to support his conviction. ECF Doc. 14, p. 3. Gordon urges this Court to re-weigh the evidence and conclude that his convictions were not supported by sufficient evidence. *Id.* at p. 3-7. Gordon summarizes past arguments centered on undercutting Mr. Darling's credibility and his "false and unbelievable" story. *Id.* at 4. Gordon asserts that "the jury lost its way by relying" on Mr. Darling's testimony after he admitted that he initially lied to police about the robbery incident. *Id.* at p. 6.

But Gordon fails to meet his burden by not articulating a specific legal basis for the objection or identifying any deficiencies in the Report's analysis. Gordon's broad and recycled arguments are insufficient to trigger the Court's de novo review on the second objection. *Mira v. Marshall*, 806 F.2d at 637 ("[t]he district court need not provide de novo review where the objections are frivolous, conclusive or general") (internal quotations omitted); *see also Cole v. Yukins*, 7 F. App'x at 356. The Magistrate Judge thoroughly analyzed the evidence presented at trial, the applicable law, and concluded that "sufficient evidence exists to uphold Mr. Gordon's convictions." ECF Doc. 12, p. 23. Therefore, the Court overrules the second objection.

Objections #3, 5, 6, 8, 9

Objections 3, 5, 6, 8, and 9 dispute the findings that Gordon received effective assistance of counsel at trial and on direct appeal. ECF Doc. 14, pp. 7, 10, 11, 14, 17. Because these objections center on the trial court's decision to join the indictments and disqualify one of Gordon's defense attorneys, the Court will analyze them together. *Id.*

First, issues of joinder and attorney disqualification are questions of state law. *See* Ohio Crim. R. 8(A), 13, and 14; *see also* Ohio R. of Professional Conduct 3.7. Federal habeas courts "must defer to a state court's interpretation of its own rules of evidence and procedure." *Brooks v. Anderson*, 292 F. App'x 431, 437 (6th Cir. 2008) (citation and internal quotations omitted); *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (holding that a state court's interpretation of an Ohio evidentiary rule was binding on the federal habeas court); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987) (holding that a state court's compliance with "procedural requirements of Ohio law is not a matter for this court to decide on a petition for habeas corpus relief") (citation omitted).

"Federal habeas courts review state court evidentiary decisions only for consistency with due process." *Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001) (citing *Patterson v. New York*, 432 U.S. 197, 202 97 S. Ct. 2319 (1977)). State court evidentiary rulings constitute due process violations when they "offend . . . some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Id.* (citations omitted). Specifically, objections as to joinder only warrant habeas relief if the "prejudice [is] so great as to deny a defendant his due process right to a fair trial." *Coley v. Bagley*, 706 F.3d 741, 753 (6th Cir. 2013) (citing *United States v. Lane*, 474 U.S. 438, 446 n.8, 106 S. Ct. 725, 730 (1986)).

6

In *Gordon II*, the Supreme Court of Ohio held that the trial court properly joined the robbery and intimidation charges under the Ohio Rules of Criminal Procedure 8, 13, and 14. 2018-Ohio-259, ¶ 17-27, 152 Ohio St. 3d 528, 532-35, 98 N.E.3d 251, 256-58. The court noted that the law favors joinder for resource, logistical, and time-management reasons. *Id.* at ¶ 18. The court reasoned that Gordon's attempt to intimidate the robbery victim was relevant to Gordon's consciousness of guilt and connected the two charges because together they formed "a course of criminal conduct." *Id.* at ¶ 19, ¶ 28. The Supreme Court of Ohio found there was "no obvious defect in the trial proceedings" and the court's decision did not result in a "manifest miscarriage of justice." *Id.* at ¶ 29 (citation omitted).

Second, one's choice of counsel is not "absolute." *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985). Here, it was Gordon himself who created the attorney conflict. Gordon made a series of calculated decisions that caused his attorney to become a material witness in the case. Gordon intentionally recorded Mr. Darling's police statement as his attorney played it, edited the recording to make it falsely appear that Mr. Darling was "snitching" on the Loyal Always gang, posted the recording to Instagram, and then attempted to intimidate Mr. Darling in the parking lot.

Third, as the Report and Recommendation states, to succeed on an ineffective assistance of counsel claim, Gordon must establish that his defense attorney's performance was deficient, and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is objectively unreasonable under prevailing professional norms. *Id.* at 687-88. First and foremost, Gordon made no showing that his trial or appellate counsel's performance was deficient in any way. Second, Gordon made the tactical decision prior to trial not to appeal his attorney's disqualification. The

7

Supreme Court of Ohio noted the exchange between Gordon, his defense counsel, and the trial court discussing this matter prior to trial. The defense attorney stated on the record that Gordon did not "want to wait anymore for trial." *Gordon II*, 2018-Ohio-259, 152 Ohio St. 3d 528, 531, 98 N.E.3d 251, 255. Gordon cannot decline to timely object, forgo an interlocutory appeal, affirmatively tell the court that he wants to go to trial, proceed to trial with one of his two original defense attorneys, and then allege those decisions resulted from ineffective assistance of counsel. Therefore, the Court overrules objections 3, 5, 6, 8, and 9.

Objections #4, 7, 10

Objections 4, 7, and 10 dispute the findings that several of Gordon's original habeas grounds are a matter of state law and do not merit habeas relief. ECF Doc. 14, p. 9, 12, 18, 19. Similar to objections one and two, these are blanket and generic objections that simply disagree with the Magistrate Judge's ultimate determination. Gordon does not fault the facts, law, or analysis but only the conclusion. Consequently, objections 4, 7, and 10 are not proper objections for this Court's de novo review. *Mira v. Marshall*, 806 F.2d at 637. Additionally, as to objection 4, the Magistrate Judge correctly concluded that the issue of multiple punishments for allied offenses concerns a question of state sentencing law and is not cognizable under federal habeas review. *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of [the defendant's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."); ECF Doc. 12, pp. 31-36. And, in objections 7 and 10, the Magistrate Judge correctly concluded that allegations of improper joinder and prejudicial witness testimony are issues of state procedural and evidentiary laws that do not warrant relief under federal habeas review absent the denial of the defendant's due process right to a fair trial. *Coley v. Bagley*, 706

8

F.3d at 753; ECF Doc. 12, pp. 36-39, 44-46. Therefore, the Court overrules objections 4, 7, and 10.

Certificate of Appealability

The Magistrate Judge determined that Gordon's petition should be dismissed, but he recommended a certificate of appealability for the fourth ground for relief, which asserts that Gordon was denied the counsel of choice by improper joinder of criminal charges in violation of the Fifth, Sixth, and Fourteenth Amendments. ECF Doc. 1, p. 11. This Court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong" before receiving a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Magistrate Judge concluded that "the Eighth District reached one conclusion regarding the propriety of the order disqualifying Attorney Baker, and the Supreme Court of Ohio reached another – with one Justice dissenting from that court's decision overturning Gordon I." ECF Doc. 12, p. 47.

A certificate of appealability is unwarranted here because joinder and attorney disqualification are state evidentiary and procedural issues, not federal constitutional issues. *United States v. Lane*, 474 U.S. at 446 n.8, 106 S. Ct. at 730 ("Improper joinder does not, in itself, violate the Constitution. Rather, misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial."). The Supreme Court of Ohio upheld the trial court's decision to join the March 2015 and June 2015 charges given their close temporal proximity, overlapping witnesses, and the same "course of criminal conduct." *Gordon II*, 2018-Ohio-259, ¶ 28, 152 Ohio St. 3d at 535, 98

9

N.E.3d at 258.  The court found there was "no obvious defect in the trial proceedings that affected the outcome of the trial."  *Gordon II*, 2018-Ohio-259, ¶ 29, 152 Ohio St. 3d 528, 535, 98 N.E.3d 251, 258.  The state court did not improperly join the two cases nor violate Gordon's Fifth, Sixth, or Fourteenth Amendments.  Therefore, the Court declines to grant a certificate of appealability on the fourth ground for relief.

Conclusion

Gordon's ten objections fail to identify specific legal bases or particular deficiencies in the Report and Recommendation.  His seven grounds for relief in his original habeas petition are procedurally defaulted, not cognizable under 28 U.S.C. § 2254, or do not rise to the level of federal constitutional violations.  Therefore, Gordon does not warrant habeas relief.  Accordingly, the Court ADOPTS the Report and Recommendation, except for the "Certificate of Appealability" section on page 46, and DECLINES to grant any certificates of appealability.  The Court OVERRULES Gordon's objections and DISMISSES the habeas petition.

IT IS SO ORDERED.

Date: November 9, 2022

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge